COMMONWEALTH OF KENTUCKY
HARDIN CIRCUIT COURT
DIVISION ~~III~~
CASE NO. 21-CI-1557

**FILED**

2021 NOV 24 P 2: 39

LORETTA CRADY, CLERK
HARDIN CO. CIR/DIST CT

BY_____ D.C.

PLAINTIFF

**Deidra A. Johnston**
10894 Highway 690
Garfield, KY 40140

VS.                                  **COMPLAINT**

**Kohl's, Inc.**
N56 W17000 Ridgewood Drive
Menomonee Falls, WI 53051

      **SERVE REGISTERED AGENT:**
      Corporate Creations Network Inc.
      101 North Seventh Street
      Louisville, KY 40202

            VIA CERTIFIED MAIL
            &
            VIA JEFFERSON COUNTY SHERIFF         DEFENDANT

                  * * * * * * *

    Comes the Plaintiff, Deidra A. Johnston, by and through counsel, and for her Complaint, states as follows:

**Venue and Jurisdiction**

    1.    That the Defendant, Kohl's, Inc., is a foreign corporation authorized to conduct business in the Commonwealth of Kentucky, availing itself to the jurisdiction of Kentucky Courts.

    2.    Venue is proper in Hardin County, Kentucky as the harm suffered by the Plaintiff took place in Hardin County, Kentucky, where Kohl's Inc. has a place of business.

    3.    This action is for damages in excess of jurisdictional requirement for Circuit Court in the Commonwealth of Kentucky.

4.     At all times material hereto, Plaintiff, Deidra A. Johnston was a resident of Breckinridge County, Kentucky.

**Facts**

5.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 4 above as if fully restated herein.

6.     That on or about November 28th, 2020, Plaintiff, Deidra A. Johnston, was lawfully on the Kohl's premises located at 3100 N. Dixie Highway, Elizabethtown, KY 42701, as a business invitee.

7.     That on or about November 28th, 2020, Defendant, Kohl's Inc., was responsible, individually or through their agents, for the ongoing operations, maintenance, service, and upkeep of the property and premises located at 3100 N. Dixie Highway, Elizabethtown, KY 42701.

8.     That on or about November 28th, 2020, Plaintiff, Deidra A. Johnston, headed towards the checkout counter when she slipped and fell on foreign hazard on the ground, causing serious permanent injury, resulting in significant medical expenses, pain and suffering, and loss of enjoyment of life.

**COUNT I: NEGLIGENCE**

9.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 8 above as if fully restated herein.

10.     That at the above described time and place, the Defendant, Kohl's Inc., itself, and vicariously through its agents, contractors and/or employees, had a duty to business invitees, including the Plaintiff, Deidra A. Johnston, to use reasonable care to have the premises in a safe condition and to discover and eliminate dangerous hazards and conditions which existed on the premises.

2

11.     That at the above described time and place, the Defendant, Kohl's, itself, and vicariously through its agents, contractors and/or employees, had a duty to business invitees, including the Plaintiff, Deidra A. Johnston, to warn of known dangerous hazards and conditions which existed on the premises.

12.     That the Defendant, Kohl's breached its duties and was negligent as follows: in allowing a hazardous condition to exist, in failing to take reasonable care to remedy the unsafe condition, in failing to properly inspect and maintain the premises, in failing to warn the Plaintiff of the hazardous condition, and in failing to employ a proper procedure or mode of operation to keep the floors safe during the times when business invites would be on the premises.

13.     As a direct and proximate result of the Defendant's negligence as described above, Deidra A. Johnston, suffered bodily injury, resulting in pain and suffering, disfigurement, loss of capacity of the enjoyment of life, and medical expenses to include but not limited to surgeries and rehabilitation. These losses are either permanent or continuing, and Plaintiff will continue to suffer losses into the future.

## COUNT II: VICARIOUS LIABILITY

14.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 13 above as if fully restated herein.

15.     Employers are responsible for harm caused their employees while those employees are acting within the scope of their employment, whether through acts or failure to act.

16.     The employees working on the night of the incident were acting in the scope of their employment when they failed to ensure that the floors were clear and safe for invitees.

17.     Kohl's Inc., is responsible for harm suffered by Plaintiff, due to them being vicariously liable for the acts and/or omissions of their employees.

3

## COUNT III: NEGLIGENT TRAINING AND SUPERVISION

18.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 17 above as if fully restated herein.

19.     That Kohl's Inc., had a duty to train and supervise their employees, as well as putting a system in place to ensure that walkways were maintained, so as to ensure the safety of invitees while in their retail store.

20.     Kohl's Inc., negligently trained and supervised their employees as to the maintenance and upkeep of the store.

21.     Defendant's failure to properly train and supervised is the direct or proximate cause of Plaintiff's injuries.

WHEREFORE, the Plaintiff respectfully demands as follows:

1.  That the Clerk of this Court issue a Summons to Kohl's Inc., by and through its agent of for service of process, Corporate Creations Network, Inc., 101 North Seventh Street, Louisville, KY 40202, and a direct copy thereof, along with a copy of this Complaint to this Defendant.

2.  Judgement against Defendant in favor of the Plaintiff, Deidra A. Johnston, in an amount in excess of the jurisdictional limit of this Court, said amount to be that which is determined as being fair and reasonable by all the evidence, the following elements of damages:

    a.  Past mental and physical pain, suffering, and inconvenience;

    b.  Future mental and physical pain, suffering, and inconvenience;

    c.  Future medical expenses; and

    d.  Past medical expenses

4

3. Trial by jury.

4. Pre-judgement interest.

5. Post-judgement interest.

6. Costs.

7. Any and all other relief to which Plaintiff may be entitled.

GOFF & GOFF PSC
Attorneys at Law
53 Public Square
Leitchfield, KY   42754
(270) 259-9237

by: _____
Zachary Craddock-Vocke
Attorney for Plaintiff



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Kohl's, Inc.                                                                    11/30/2021
Risk Department
Kohl's Corporation - Litigation Department
N56 W17000 Ridgewood Drive
Menomonee Falls WI 53051

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **All information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2021-2499

| 1. | **Entity Served:** | Kohl's, Inc. |
|---|---|---|
| 2. | **Title of Action:** | Deidra A. Johnston vs. Kohl's Inc. |
| 3. | **Document(s) Served:** | Civil Summons<br>Complaint |
| 4. | **Court/Agency:** | Hardin County Circuit Court |
| 5. | **State Served:** | Kentucky |
| 6. | **Case Number:** | 21-CI-1557 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Saturday 11/27/2021 |
| 10. | **Date to Client:** | Tuesday 11/30/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Friday 12/17/2021     CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Zachary Craddock-Vocke<br>Leitchfield, KY<br>270-259-9237 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 181 |
| 16. | **Notes:** | None |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

| AOC-105                  Doc. Code: CI | | Case No. 21-CI- 1557 |
| Rev. 1-07 | | |
| Page 1 of 1 | CIVIL SUMMONS | Court ☑ Circuit ☐ District |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | | County  Hardin |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

DEIDRA A. JOHNSTON

10894 HIGHWAY 690

GARFIELD KY  40140

**VS.**

**DEFENDANT**

KOHL'S INC.

N56 217000 RIDGEWOOD DRIVE

MENOMONEE FALLS WI  53051

**Service of Process Agent for Defendant:**

SERVE VIA CERTIFIED MAIL:

CORPORATE CREATIONS NETWORK INC

101 NORTH SEVENTH STREET

LOUISVILLE KY  40202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 24.... , 2021

_____ Clerk

By: LORETTA CRADY, CLERK _____ D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____. |
| Served by: _____ |
| _____ Title |

| AOC-105          Doc. Code: CI | **CIVIL SUMMONS** | Case No. 21-CI- 1557 |
|---|---|---|
| Rev. 1-07 | | Court  ☑ Circuit  ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | | County  Hardin |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

DEIDRA A. JOHNSTON

10894 HIGHWAY 690

GARFIELD KY  40140

VS.

**DEFENDANT**

KOHL'S INC.

N56 217000 RIDGEWOOD DRIVE

MENOMONEE FALLS WI  53051

**Service of Process Agent for Defendant:**

SERVE VIA CERTIFIED MAIL:

CORPORATE CREATIONS NETWORK INC

101 NORTH SEVENTH STREET

LOUISVILLE KY  40202

**THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 24 Nov , 2021                                                   _____ Clerk

By:    LORETTA CRADY, CLERK                                  D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

COMMONWEALTH OF KENTUCKY
HARDIN CIRCUIT COURT
DIVISION ~~III~~
CASE NO. 21-CI-1557

**FILED**

2021 NOV 24  P 2: 39

LORETTA CRADY, CLERK
HARDIN CO. CIR/DIST CT

BY_____D.C.

**Deidra A. Johnston**
10894 Highway 690
Garfield, KY 40140

                                                                PLAINTIFF

VS.                          **COMPLAINT**

**Kohl's, Inc.**
N56 W17000 Ridgewood Drive
Menomonee Falls, WI 53051

        **SERVE REGISTERED AGENT:**
        Corporate Creations Network Inc.
        101 North Seventh Street
        Louisville, KY 40202

                VIA CERTIFIED MAIL
                &
                VIA JEFFERSON COUNTY SHERIFF              DEFENDANT

                        * * * * * * *

        Comes the Plaintiff, Deidra A. Johnston, by and through counsel, and for her

Complaint, states as follows:

                        **Venue and Jurisdiction**

        1.      That the Defendant, Kohl's, Inc., is a foreign corporation authorized to conduct

business in the Commonwealth of Kentucky, availing itself to the jurisdiction of Kentucky Courts.

        2.      Venue is proper in Hardin County, Kentucky as the harm suffered by the Plaintiff

took place in Hardin County, Kentucky, where Kohl's Inc. has a place of business.

        3.      This action is for damages in excess of jurisdictional requirement for Circuit Court

in the Commonwealth of Kentucky.

                                1

4.     At all times material hereto, Plaintiff, Deidra A. Johnston was a resident of Breckinridge County, Kentucky.

**Facts**

5.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 4 above as if fully restated herein.

6.     That on or about November 28th, 2020, Plaintiff, Deidra A. Johnston, was lawfully on the Kohl's premises located at 3100 N. Dixie Highway, Elizabethtown, KY 42701, as a business invitee.

7.     That on or about November 28th, 2020, Defendant, Kohl's Inc., was responsible, individually or through their agents, for the ongoing operations, maintenance, service, and upkeep of the property and premises located at 3100 N. Dixie Highway, Elizabethtown, KY 42701.

8.     That on or about November 28th, 2020, Plaintiff, Deidra A. Johnston, headed towards the checkout counter when she slipped and fell on foreign hazard on the ground, causing serious permanent injury, resulting in significant medical expenses, pain and suffering, and loss of enjoyment of life.

**COUNT I: NEGLIGENCE**

9.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 8 above as if fully restated herein.

10.     That at the above described time and place, the Defendant, Kohl's Inc., itself, and vicariously through its agents, contractors and/or employees, had a duty to business invitees, including the Plaintiff, Deidra A. Johnston, to use reasonable care to have the premises in a safe condition and to discover and eliminate dangerous hazards and conditions which existed on the premises.

2

11.     That at the above described time and place, the Defendant, Kohl's, itself, and vicariously through its agents, contractors and/or employees, had a duty to business invitees, including the Plaintiff, Deidra A. Johnston, to warn of known dangerous hazards and conditions which existed on the premises.

12.     That the Defendant, Kohl's breached its duties and was negligent as follows: in allowing a hazardous condition to exist, in failing to take reasonable care to remedy the unsafe condition, in failing to properly inspect and maintain the premises, in failing to warn the Plaintiff of the hazardous condition, and in failing to employ a proper procedure or mode of operation to keep the floors safe during the times when business invites would be on the premises.

13.     As a direct and proximate result of the Defendant's negligence as described above, Deidra A. Johnston, suffered bodily injury, resulting in pain and suffering, disfigurement, loss of capacity of the enjoyment of life, and medical expenses to include but not limited to surgeries and rehabilitation. These losses are either permanent or continuing, and Plaintiff will continue to suffer losses into the future.

## COUNT II: VICARIOUS LIABILITY

14.     Plaintiff realleges and reincorporates by reference paragraphs 1 through 13 above as if fully restated herein.

15.     Employers are responsible for harm caused their employees while those employees are acting within the scope of their employment, whether through acts or failure to act.

16.     The employees working on the night of the incident were acting in the scope of their employment when they failed to ensure that the floors were clear and safe for invitees.

17.     Kohl's Inc., is responsible for harm suffered by Plaintiff, due to them being vicariously liable for the acts and/or omissions of their employees.

3

## COUNT III: NEGLIGENT TRAINING AND SUPERVISION

18.    Plaintiff realleges and reincorporates by reference paragraphs 1 through 17 above as if fully restated herein.

19.    That Kohl's Inc., had a duty to train and supervise their employees, as well as putting a system in place to ensure that walkways were maintained, so as to ensure the safety of invitees while in their retail store.

20.    Kohl's Inc., negligently trained and supervised their employees as to the maintenance and upkeep of the store.

21.    Defendant's failure to properly train and supervised is the direct or proximate cause of Plaintiff's injuries.

WHEREFORE, the Plaintiff respectfully demands as follows:

1.  That the Clerk of this Court issue a Summons to Kohl's Inc., by and through its agent of for service of process, Corporate Creations Network, Inc., 101 North Seventh Street, Louisville, KY 40202, and a direct copy thereof, along with a copy of this Complaint to this Defendant.

2.  Judgement against Defendant in favor of the Plaintiff, Deidra A. Johnston, in an amount in excess of the jurisdictional limit of this Court, said amount to be that which is determined as being fair and reasonable by all the evidence, the following elements of damages:

    a.  Past mental and physical pain, suffering, and inconvenience;

    b.  Future mental and physical pain, suffering, and inconvenience;

    c.  Future medical expenses; and

    d.  Past medical expenses

4

3. Trial by jury.

4. Pre-judgement interest.

5. Post-judgement interest.

6. Costs.

7. Any and all other relief to which Plaintiff may be entitled.

GOFF & GOFF PSC
Attorneys at Law
53 Public Square
Leitchfield, KY   42754
(270) 259-9237

by:  _____
Zachary Craddock-Vocke
Attorney for Plaintiff

Filed          21-CI-01557     12/17/2021          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:08 PM
SRHICKEY@KOPKALAW.COM

COMMONWEALTH PF KENTUCKY
HARDIN CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 21-CI-001557

DIEDRE A. JOHNSTON                                              PLAINTIFF

v.                      **ANSWER OF KOHL'S, INC.**

KOHL'S, INC.                                                   DEFENDANT

*     *     *     *     *

Defendant Kohl's, Inc., for its Answer to the Complaint in the above-styled action, states:

**FIRST DEFENSE**

1.      The complaint fails to state a cause of action upon which relief can be granted against this Defendant.

**SECOND DEFENSE**

2.      Each allegation of the complaint not specifically admitted to be true is denied.

3.      Defendant admits so much of paragraph 1 of the Complaint as alleges that Kohl's is a foreign corporation authorized to conduct business in Kentucky. The remainder of paragraph 1 of the complaint consists of legal conclusions for which a responsive pleading is neither required nor appropriate.

4.      Defendant admits so much of paragraph 2 of the Complaint as alleges that Kohl's has a place of business in Hardin County, Kentucky. Defendant is without sufficient information to determine whether Plaintiff suffered any harm, and that allegation is deemed to be denied. The remainder of paragraph 2 of the complaint consists of legal conclusions for which a responsive pleading is neither required nor appropriate.

ANS : 000001 of 000005

Filed          21-CI-01557       12/17/2021        Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:08 PM
SRHICKEY@KOPKALAW.COM

5.    Defendant is without sufficient information to determine the truth of the allegations set out in paragraphs 3, 4, 6, 8, and 16 of the complaint, therefore those allegations are deemed to be denied.

6.    In response to paragraphs 5, 9, 14, and 18 of the complaint, Defendant incorporates its responses to the paragraphs referred to therein.

7.    Paragraphs 7, 10, 11, 15, and 19 of the complaint consist of legal conclusions for which a responsive pleading is neither required nor appropriate.

8.    Defendant denies paragraphs 12, 13, 17, 20, and 21 of the complaint.

### THIRD DEFENSE

9.    The damages and any claim asserted by Plaintiff were substantially or solely caused by the contributory or comparative negligence of Plaintiff and/or other parties.

### FOURTH DEFENSE

10.    The claims made in this action are barred, in whole or in part, by the applicable limitation period and/or the doctrine of laches.

### FIFTH DEFENSE

11.    The damages and injuries claimed in this action may have been caused or brought about, if at all, by the active and primary negligence, or the intervening and superseding negligence or acts, other parties over whom  Defendant had no control, and for whom  Defendant has no liability.

### SIXTH DEFENSE

12.    To the extent that any person or entity has paid any amount to or on behalf of Plaintiff as the result of the injuries or damages claimed in the Complaint and/or  Complaint and has not been properly notified of its subrogation rights pursuant to KRS §411.188, the Complaint

ANS : 000002 of 000005

Filed          21-CI-01557       12/17/2021        Loretta Crady, Hardin Circuit Clerk

Filed          21-CI-01557      12/17/2021          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:08 PM
SRHICKEY@KOPKALAW.COM

is barred.  In the alternative, Plaintiff is precluded from recovering the amount of the benefits subject to subrogation rights and evidence of payments made on behalf of Plaintiff is admissible. To the extent such payments were made, Plaintiff is not the real party in interest and  Defendant reserves each and every defense, credit, offset or deduction provided by law.

## SEVENTH DEFENSE

13.    Plaintiff has a duty to mitigate her damages and the damages, if any, must be reduced to the extent she failed to mitigate those damages.

## EIGHTH DEFENSE

14.    Liability for Plaintiff's damages, if any, must be apportioned among those at fault. Depending upon the facts determined in discovery, Plaintiff's claims may be barred on the ground that she failed to join an indispensable party without whom complete relief cannot be accorded among those already parties.

## NINTH DEFENSE

15.    Plaintiff has failed to plead special damages with specificity as required by Rule 9(g) of the Federal Rules of Civil Procedure and Rule 9.6 of the Kentucky Rules of Civil Procedure.  Her claims for special damages, if any, are therefore barred.

## TENTH DEFENSE

16.    Depending upon the facts revealed in discovery, Plaintiff's claims may be barred the doctrines of the physical contact requirement, unavoidable accident, act of God, open and obvious condition, naturally occurring outdoor condition, payment, estoppel, fraud, failure of conditions precedent, waiver, lack of personal jurisdiction, and/or improper venue.

ANS : 000003 of 000005

Filed          21-CI-01557      12/17/2021          Loretta Crady, Hardin Circuit Clerk

Filed          21-CI-01557     12/17/2021          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:08 PM
SRHICKEY@KOPKALAW.COM

### ELEVENTH DEFENSE

17.     Any and all claims against Defendant are barred by lack of proper service of process.

### TWELFTH DEFENSE

18.      Defendant reserves the right to file further pleadings and assert other defenses as the proof develops, including cross-claims and/or  claims.

**WHEREFORE,**  Defendant Kohl's, Inc. respectfully demands:

1.     Dismissal of the Complaint and  Complaint with prejudice;

2.     Recovery of its costs expended and attorney fees, where allowed by law, incurred in the defense of this action;

3.     Indemnity, contribution, offset; and/or apportionment where appropriate; and

4.     Any and all other relief to which it is entitled.

Respectfully submitted,

KOPKA PINKUS DOLIN, PC

/s/ *Stockard R. Hickey*
Stockard R. Hickey III (KBA 83077)
462 South Fourth Street, Suite 101
Louisville, Kentucky 40202
(502) 785-2809 Phone
srhickey@kopkalaw.com
*Counsel for Defendant*
*Kohl's, Inc.*

ANS : 000004 of 000005

Filed          21-CI-01557     12/17/2021          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:08 PM
SRHICKEY@KOPKALAW.COM

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, I electronically filed the foregoing with the clerk of Court by using the KCOJ eFiling system, which will electronically serve all KCOJ eFiling participants.  I further certify that on the same date a copy of the foregoing is being served via U.S. Mail upon counsel for Plaintiff, Zachary Craddock-Vocke, Esq., Goff & Goff PSC, 53 Public Square, Leitchfield, Kentucky 42754.

/s/ Stockard R. Hickey III
*Counsel for Defendant*
*Kohl's, Inc.*

ANS : 000005 of 000005

Filed          21-CI-01557          02/08/2022          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:11 PM
SRHICKEY@KOPKALAW.COM

COMMONWEALTH OF KENTUCKY
HARDIN CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 21-CI-1557

DEIDRA JOHNSTON                                                   PLAINTIFF

v.

KOHL'S, INC.                                                      DEFENDANT

---

**ENTRY OF APPEARANCE AS CO-COUNSEL**

---

Now comes the undersigned, James Ryan Turner, of Dallas & Turner, PLLC, 30 Shelby Street,

P.O. Box 6205, Florence, KY 41022, and enters his appearance as Co-Counsel with attorney Zachary

Craddock-Vocke for Plaintiff, Deidra Johnston, in the above-captioned matter.

Respectfully submitted,

/s/ Ryan Turner
James Ryan Turner (92719)
P.O. Box 6205
30 Shelby Street
Florence, KY 41022
P. 859-525-6161 x 15
F. 859-525-6194
ryan@dallasandturner.com

1

Filed          21-CI-01557          02/08/2022          Loretta Crady, Hardin Circuit Clerk

EA : 000001 of 000002

Filed          21-CI-01557      02/08/2022      Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:11 PM
SRHICKEY@KOPKALAW.COM

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served on this 8th day of February, 2022, via email upon:

Stockard R. Hickey III
462 South Fourth Street, Suite 101
Louisville, Kentucky 40202
srhickey@kopkalaw.com


Goff & Goff PSC
53 Public Square
Leitchfield KY  42754


_____

JAMES RYAN TURNER

2

EA : 000002 of 000002

Filed          21-CI-01557      02/08/2022      Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:24 PM
SRHICKEY@KOPKALAW.COM

COMMONWEALTH OF KENTUCKY
HARDIN CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 21-CI-1557

DEIDRA JOHNSTON                                                    PLAINTIFF

v.

KOHL'S, INC.                                                      DEFENDANT

_____

**EFEN  ANT S AMEN  E   NOTICE OF CR          ELECTION TO
EFFECTUATEAN   RECEIVE SERVICE VIA ELECTRONIC MEANS**

_____

Pursuant to CR 5.02(2), counsel for Plaintiff, Deidra Johnston, hereby provides notice to the

parties and the Court of their election to effectuate and receive service via e-mail to and from all other

attorneys or parties in this action. Counsel requests that they be served at the following electronic

address:

Ryan Turner
ryan@dallasandturner.com

All parties to this action are hereby notified that pursuant to CR 5.02(2) they must promptly

provide the undersigned electing attorney with the e-mail address or fax number where they may be

served and must immediately begin serving the undersigned at the e-mail address stated herein, unless

specifically relieved of this obligation by order of this Court for good cause shown.

Respectfully submitted,

/s/ Ryan Turner
James Ryan Turner (92719)
P.O. Box 6205
30 Shelby Street
Florence, KY 41022
P. 859-525-6161 x 15
F. 859-525-6194
ryan@dallasandturner.com

1

Filed          21-CI-01557          02/08/2022          Loretta Crady, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
02/21/2022 03:00:24 PM
SRHICKEY@KOPKALAW.COM

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on this 8th day of February, 2022, via email upon:

Stockard R. Hickey III
462 South Fourth Street, Suite 101
Louisville, Kentucky 40202
srhickey@kopkalaw.com

Goff & Goff PSC
53 Public Square
Leitchfield KY  42754

_____
JAMES RYAN TURNER

2

NO : 000002 of 000002

Filed          21-CI-01557          02/08/2022          Loretta Crady, Hardin Circuit Clerk